# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**DELORES POWELL**                                                                                  **PLAINTIFF**

**VS.**                                              **2:05-CV-00336-WRW**

**WAL-MART STORES, INC.**                                                                      **DEFENDANT**

### ORDER

Pending are Plaintiff's Motion in Limine Regarding 1994 Conviction (Doc. No. 28) and Defendants' Motion in Limine Regarding Plaintiff's Claim for Unemployment (Doc. No. 31).

**I.      Plaintiff's Motion in Limine Regarding 1994 Conviction**

In 1994 Plaintiff was convicted of forgery for altering an gambling device so that it appeared she won $200. Plaintiff contends that this information should be excluded under Federal Rule of Evidence 609(b), since the conviction is more than 10 years old. Plaintiff also asserts that she was pardoned and attached to her motion an "Order Vacating Record of Conviction" from the Washington state court.

Defendant contends that the probative value of the conviction substantially outweighs its prejudicial value since "the credibility of Plaintiff will be pitted directly against the credibility of Wal-Mart's witnesses at trial."[1] Defendant also contends that the "Order Vacating Record of Conviction" is not a pardon as Plaintiff claims.

Since the conviction is more than 10 years old, and I believe the prejudicial value of the prior conviction far outweighs the probative value, Plaintiff's Motion in Limine Regarding 1994 Conviction (Doc. No. 28) is GRANTED.

---

[1]Doc. No. 33.

**II.**     **Defendant's Motion in Limine Regarding Plaintiff's Claim for Unemployment**

Defendant asserts that "any determination as to the rights or status of Plaintiff or Defendant made by the Director of Workforce Services in connection with Plaintiff's claim for unemployment compensation must be excluded under Ark. Code Ann. 11-10-314(a)(1), (a)(2)(A), (a)(2)(B), and f(2)."[2]  Defendant also contends that the information is inadmissible under Federal Rules of Evidence 401 and 403.

Plaintiff has not responded and the time for doing so has long passed.  Accordingly, Defendant's Motion in Limine Regarding Plaintiff's Claim for Unemployment (Doc. No. 31) is GRANTED.  If Plaintiff has any law to the contrary, she should forthwith submit it to the Court.

IT IS SO ORDERED this 7th day of December, 2007 (Pearl Harbor Day).

/s/ Wm. R. Wilson, Jr
UNITED STATES DISTRICT JUDGE

---

[2] Doc. No. 31.